UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRANSPORTATION INSURANCE COMPANY | : | CIVIL NO. 3:01 CV 2131 (WWE) |
| Plaintiff, | : | |
| v. | : | |
| MORGANTI GROUP, INC. ET AL., | : | |
| Defendants. | : | OCTOBER 20, 2003 |

**PLAINTIFF'S MOTION FOR MODIFICATION OF SCHEDULING ORDER**

Pursuant to Rule 6 of the Federal Rules of Civil Procedure and Rule 9(b) of the Local Rules of Civil Procedure, plaintiff and counterclaim defendant, Transportation Insurance Company ("TIC"), hereby moves the Court for a modification of the Scheduling Order in this matter.

TIC requests that the following deadlines be ordered:

1. Discovery to be completed by January 31, 2003.

2. Depositions to be completed by January 31, 2003.

3. Dispositive motions to be filed within 45 days after the close of discovery.

The following deadlines have already passed and TIC does not seek to modify them:

1. Plaintiff's designation of trial experts – January 3, 2003.

2. Depositions of Plaintiff's experts – January 31, 2002.

3. Defendants' designation of trial experts – February 7, 2003.

4. Depositions of Defendant's experts – March 7, 2003.

5. Damages Analyses were to be provided by December 13, 2002.

6. Defendants were allowed until December 6, 2002 to join additional parties.

Counsel for TIC has contacted counsel for Morganti and the parties agree that the discovery deadline should be extended, but they disagree about the length of any extension. In addition, the parties disagree about whether other deadlines should be extended. TIC maintains that the other deadlines noted above have passed.

Morganti asserts that negotiations between the parties to resolve this matter constituted a tacit agreement to extend all discovery deadlines. TIC disputes this allegation and notes that as early as January of 2003 counsel for TIC made it clear that negotiations to resolve this matter were separate and distinct from Morganti's requirement to respond to discovery and neither extended any pending discovery response deadlines nor prevented the underlying litigation from moving forward. See J. Casey email to G. Sheldon, Jan. 17, 2003 (Exhibit 1). If Morganti failed to comply with court imposed scheduling deadlines, it did so at its own peril.

> PLAINTIFF AND COUNTERCLAIM
> DEFENDANT,
> TRANSPORTATION INSURANCE COMPANY
>
> By: _/s/ Theodore J. Tucci_
> Theodore J. Tucci (ct05249)
> John P. Casey (ct21993)
> Robinson & Cole LLP
> 280 Trumbull Street
> Hartford, CT 06103-3597
> Tel. No.: (860) 275-8200
> Fax. No.: (860) 275-8299
> e-mail: ttucci@rc.com
> jcasey@rc.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing Motion for Modification of Scheduling Order was sent via first class mail, postage prepaid, on this 20th day of October 2003, to:

Louis R. Pepe, Esq.
Gary F. Sheldon, Esq.
Wendy K. Venoit, Esq.
Pepe & Hazard, LLP
225 Asylum Street
Hartford, CT  06103

_____
Theodore J. Tucci

# EXHIBIT 1

**Casey, John P**

| | |
|---|---|
| **From:** | Casey, John P |
| **Sent:** | Friday, January 17, 2003 2:31 PM |
| **To:** | 'Sheldon, Gary' |
| **Cc:** | Tucci, Theodore |
| **Subject:** | RE: Morganti |

Gary,
When we spoke in December about the possibility of agreeing to a stay or dismissal, I did not agree to unconditionally support such a proposal, but only raised it as a possibility that I would discuss seriously with our client. I distinctly recall informing you that I was making this suggestion on my own, I had no authority from my client to agree to such a resolution, and had not yet raised such a proposal with my client for consideration. You promised to address the idea with your client and get back to me with a specific proposal. Since those initial discussions more than a month ago, I heard nothing from you on the issue and assumed it was not something your client wished to pursue. Your letter on Wednesday was the first indication that your client was truly interested in pursuing a voluntary dismissal and the first notice of the terms upon which your client would agree to such a dismissal. As I stated in my correspondence Wednesday, I have forwarded your proposal to our client and I will get back to you with their response as soon as possible.

While our client considers your proposal, however, we must insist that you respond to our outstanding discovery requests. The requirement that your respond is not connected to the submission of your proposal. Indeed, when agreeing to the last 30-day extension I wrote: "I appreciate the fact that we have been in negotiation about an alternate resolution or delay in this case, but we must insist that we continue to move the underlying litigation along until such time we have an alternate agreement. That being said, this is the last extension we will agree to and we will move to compel your responses if we do not have them by Jan 13 (Jan 12 falling on a Sunday)."

I believe we made it more than clear last month that we wanted responses to our discovery requests regardless of any negotiation on the possibility of dismissal. And, in fact, there was no negotiation, or any communication at all, on such a possibility until your correspondence on Wednesday, two days after your responses were due. Your failure, then, to respond when required or to secure an extension of time from the court waives your right to object to our discovery requests. I will agree to holding off the filing of a motion to compel until next Wednesday, but on that day we expect to be served with complete responses to our requests.

John P. Casey
Robinson & Cole LLP
860-275-8359


-----Original Message-----
From: Sheldon, Gary [mailto:GSHELDON@PEPEHAZARD.COM]
Sent: Wednesday, January 15, 2003 6:45 PM
To: 'jcasey@rc.com'
Subject: Morganti


John,

As you know, we discussed the possibility of the dismissal last month. It was my understanding that you would support the proposal with your client. If you insist that we respond to your discovery this week, I assume that you consider it unlikely that the proposal will be accepted.

I would appreciate an agreement to informal extend the date for response to next Wednesday. I will need that additional time to prepare a response.

Gary