UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRANSPORTATION INSURANCE CO., | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:01 CV 2131 (WWE) |
| | : | |
| THE MORGANTI GROUP, INC. | : | |
| MORGANTI FLORIDA, INC.; and | : | |
| UNITED STATES POSTAL SERVICE, | : | |
|     Defendants. | : | OCTOBER 24, 2003 |

**DEFENDANTS' MOTION FOR MODIFICATION OF SCHEDULING ORDER**

Pursuant to Rule 6 of the Federal Rules of Civil Procedure and Rule 9(b) of the Local Rules of Civil Procedure, Defendants and Counterclaim Plaintiffs, Morganti Group, Inc. and Morganti Florida, Inc., (collectively "Morganti") hereby move the Court for a modification of the Scheduling Order in this matter, given the parties' failed efforts to settle this case over the past several months. Morganti notes that the Plaintiff has filed its own Motion for Modification of Scheduling Order dated October 20, 2003. Because the Plaintiff's Motion fails to provide sufficient time to complete the remaining discovery, including the disclosure and examination of expert witnesses, Morganti requests that the court grant the present motion rather than the Motion filed by the Plaintiff.

As the counsel for the parties reported to the court during telephonic status conferences including the most recent conference in July 2003, the parties have attempted for several months to reach an agreement that would result in the withdrawal of the complaint and counterclaim in this action. As counsel also expressly notified the court during these conferences, in the event that the efforts at settlement were not successful, a modification of the schedule would be necessary to prepare the case for trial. In addition, the court requested

during the most recent conference that a proposed modified schedule be submitted.

As the parties discussed settlement, the preparation of the case did not proceed. Early in the discussions, in January 2003, the Plaintiff insisted that certain written discovery responses be provided to facilitate Plaintiff's deliberation of the withdrawal options being discussed. This insistence is reflected in the email message of Plaintiff's counsel, John Casey, which is attached to the Plaintiff's Motion for Modification of Scheduling Order. There was never any suggestion that the general discovery schedule would not be modified, only Plaintiff's insistence on a response to one pending item of discovery. In fact, during literally every conversation between counsel it was confirmed that a revised schedule would be necessary if settlement efforts failed.

Plaintiff's Motion attempts to extend the time period for discovery and depositions only. It is inconsistent for the Plaintiff to argue that an extension to the discovery deadline is appropriate and that an extension of the related deadlines, including expert disclosure deadlines, is not appropriate. There is no rational basis for this distinction and it was not the parties' intentions during their settlement discussions.

It cannot be overstated how significantly the Defendants will be prejudiced if they are not permitted to present expert testimony, particularly regarding the Plaintiff's duties in handling the insurance claim and the breach of those duties. These issues are central to Defendants' defenses and counterclaims.

Defendants allege that the Plaintiff breached its duty by informing the Defendants that the subject insurance claim was covered by the policy issued by Plaintiff and months later denying coverage when the amount of the claim grew beyond the parties' original expectations. Subject to the evidence obtained through written discovery and depositions, Defendants

anticipate that they will submit expert testimony to establish that: Plaintiff failed to follow industry standards in the handling of the subject claim; Plaintiff's claim management procedures are not in accordance with industry standards; Plaintiff did not follow its on claim management procedures; and Plaintiff failed to follow industry standards in the issuance of the subject insurance policies. Defendants will be unable to establish these key issues in the absence of expert testimony.

The disclosure of experts will not significantly impact the schedule in this case. Based upon the fact discovery left to be completed, it will not be possible to complete fact discovery prior to the end of February 2004. In light of the parties' lack of progress in this case for the past ten (10) months, an additional one (1) or two (2) months to permit the disclosure and examination of experts is not significant in comparison to the severe prejudice that will be imposed upon the Defendants.

Plaintiff's proposed discovery cutoff date of January 31, 2004 is not realistic due to its failure to respond to Defendants' outstanding written discovery in connection with the Defendants' defenses and counterclaims. In fact, it is anticipated that a Motion to Compel will need to be filed and adjudicated. In response to the Defendants' First Interrogatories and Requests for Production, dated April 5, 2002, the Plaintiff objected to essentially each and every interrogatory and request related to Defendants' defenses and counterclaims. As a result, Defendants have not received any documents or information relevant to the Plaintiff's mishandling of the subject insurance claim or the Plaintiff's claim management procedures. As discussed above, during the settlement attempts, this discovery did not proceed. However, Defendants' counsel frequently reminded Plaintiff's counsel that the discovery related to the bad faith claims practices would continue if settlement talks failed. There was never any

3

misunderstanding that Defendants intended to pursue discovery and expert testimony regarding its bad faith claims.

If the discovery sought regarding bad faith is provided, in accordance with a Motion to Compel or otherwise, by the end of November 2003, it should be possible to complete the remaining written discovery by the end of December 2003. Depositions would then follow together with the disclosure of Defendants' experts. It is anticipated that the Defendants will take six (6) fact depositions or more. Plaintiff may require a similar number of depositions for its case. Based upon the intervening holidays and the amount of discovery required, discovery cannot reasonably be completed prior to Friday, March 12, 2004.

Based upon the foregoing, Morganti requests that the following dates be entered as the revised schedule for this matter:

1. Discovery which was to end March 7, 2003, will be completed by March 12, 2004.

2. Depositions which were to be completed by March 7, 2003, will be completed by March 12, 2004.

3. Plaintiff will designate trial experts by January 16, 2004.

4, Deposition of Plaintiff's experts will be completed by January 31, 2004.

5. Defendants will designate trial experts by February 13, 2004.

6. Depositions of Defendants' experts will be completed by March 12, 2004.

7. Damages analysis by January 9, 2004.

8. Dispositive motions within 45 days of close of discovery.

Based upon the significant prejudice that Defendants will suffer if the requested modification is not granted, Defendants request that the court schedule a hearing or telephonic

4

status conference to address the parties' Motions to Modify the Scheduling Order.

                **DEFENDANTS,**
                **THE MORGANTI GROUP, INC. and**
                **MORGANTI FLORIDA, INC.**

By: _____
    Gary F. Sheldon (ct14737), of
    Pepe & Hazard LLP
    Its Attorneys
    Goodwin Square
    225 Asylum Street
    Hartford, CT  06103-4302
    (860) 522-5175
    Fax (860) 522-2796
    Juris No.:  101812

## CERTIFICATION OF SERVICE

THIS IS TO CERTIFY THAT a copy of the foregoing was mailed via first class mail, postage prepaid, this 24th day of October, 2003, to:

Theodore J. Tucci
Robinson & Cole LLP
280 Trumbull St
Hartford, CT 06103-3597

                                      By:_____
                                          Gary F. Sheldon
                                           Pepe & Hazard, LLP

GFS/13626/53/652223v1
10/24/03-HRT/